Per Curiam.
 

 On the complaint on oath of Thomas H. Perkins, an inquisition of forcible entry and detainer was found by the jury against Joshua Dillon, before Matthew Rogers, a justice of the peace for Jackson County, on the 18th of April, 1812. Joshua Dillon filed in writing the plea of not guilty of the force mentioned in the proceedings of either entry or detainer. Wherefore all the proceedings were sent up to the Circuit Court for Jackson County. And at September term, 1817, a jury impaneled and sworn to try the issues found the defendant not
 
 guilty;
 
 and the court gave judgment that the defendant be discharged. The defendant by his attorney moved to tax Thomas H. Perkins with the costs of the prosecution and the costs of the defendant. This motion was overruled. The defendant excepted to the opinion of the court, and removed the cause to this court by wrrit of error.
 

 By the British statutes of the 8th Henry VI. ch. 9, and the 31 El. ch. 11, the acts against forcible entries and detainers are to be executed at the costs of the party grieved, except where, upon issue joined on a traverse of the force alleged in the inquisition, a verdict should be given against the defendant, in which case he was to pay the costs to be levied as in civil cases. These dispositions are somewhat altered by the acts * of the Legislature of this State (1794, ch. 1, § 76; 1807, ch. 24, and other subsequent acts), which, reduced to a summary, provided that where the defendant is acquitted on the merits, the court may order the prosecutor to pay the costs, if the prosecution hath been frivolous and malicious. But if the court do not in case of acquittal tax the prosecutor with the costs, then the defendant shall be liable to pay the costs of his own witnesses’ attendance. And in case of acquittal the defendant cannot be taxed with costs, even although the court may believe him to have been guilty. These • provisions apply to the case before us. This is an indictment found by a jury of inquest, before .justices acting as a court of record. The inquisition, like another indictment, is to be traversed, and tried either before the justice or the Circuit or County Court. The verdict
 
 *488
 
 upon such issue is, to all purposes, like a verdict upon an indictment, upon which the party may be fined and imprisoned with the additional circumstance of being put out of possession.
 

 The defendant is liable to pay his own witnesses. The plaintiff is not taxed as for a frivolous or malicious prosecution. What remains is the payment of the State’s witnesses, which the prosecutor is not to be charged with but the State ; as it is also with the fees due to the officers for their services. The court in such case is to do nothing more than discharge the defendant, which here is precisely what they have done. We see no ground in this record for taxing the prosecutor with costs.
 

 Affirm the judgment of the Circuit Court.
 

 See
 
 Dillon v. State,
 
 3 Hay. 174; King’s Digest, 3854, 6818, 8174.